# In the United States Court of Federal Claims

No. 09-104C
(Filed October 20, 2009)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | * |
| **TOTOLO/KING JOINT VENTURE,** | * Pleading and practice; motion |
| | * for reconsideration, RCFC |
| Plaintiff, | * 59(a)(1); new evidence; impact |
| | * on public interest criterion for |
| v. | * injunctive relief of waiting until |
| | * motion for reconsideration to |
| **THE UNITED STATES,** | * raise arguments. |
| | * |
| Defendant. | * |
| * * * * * * * * * * * * * * * * * * * * * * | * |

James E. Krause, Jacksonville, FL, for plaintiff.

John S. Groat, Washington, DC, with whom was Assistant Attorney General Tony West, for defendant.  Kenneth MacKenzie, Department of Veterans Affairs, of counsel.

**MEMORANDUM OPINION AND ORDER**

**MILLER**, Judge.

      This pre-award bid protest is before the court after briefing on plaintiff's motion for reconsideration.  Plaintiff Totolo/King Joint Venture ("plaintiff"), a Service Disabled Veteran Owned Small Business general contractor ("SDVOSB"), moves pursuant to RCFC 59(a)(1) for reconsideration of this court's decision granting defendant's motion for judgment (and denying plaintiff's cross-motion for judgment) on the administrative record.  The motion for reconsideration echoes plaintiff's unsuccessful cross-motion and insists that the Department of Veterans Affairs (the "DVA") improperly solicited a contract (the "Solicitation"), to the detriment of SDVOSBs, as an open and unrestricted competition.  Warranting the court's reconsideration, plaintiff contends, are 1) newly discovered evidence discrediting the sufficiency of the DVA's market research for the Solicitation, and 2) the court's alleged failure to consider the explicit prioritization of SDVOSBs prescribed by 38 U.S.C. § 8127(i) (2006).

**BACKGROUND**

Pursuant to the court's June 15, 2009 decision granting defendant's motion for judgment on the administrative record, the Clerk of Court on June 19, 2009, entered judgment for defendant. On June 29, 2009, plaintiff filed its motion for reconsideration, requesting that the court grant plaintiff's motion for judgment on the administrative record and permanently enjoin the DVA from awarding a contract for the Solicitation. Briefing was completed on July 21, 2009. After defendant filed a motion to dismiss pursuant to RCFC 12(b)(1) on July 27, 2009, the court expedited briefing and withheld consideration of the motion for reconsideration, culminating in defendant's October 2, 2009 withdrawal of its motion to dismiss. On October 5, 2009, the court denied defendant's jurisdictional motion as moot, and the motion for reconsideration is now ripe for decision.

**DISCUSSION**

1. Standard of review

Plaintiff moves pursuant to RCFC 59(a)(1), which provides, as follows:

> ***Grounds for New Trial or Reconsideration.*** The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows: (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or] (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court . . . .

RCFC 59(a)(1)(A)-(B). When considering such motions, which by their nature are addressed to the court's discretion, a court must exercise exceptional care and avoid unnecessarily prolonged litigation at the behest of a dissatisfied party. E.g., Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007) (citing relevant precedent). Movants face a rigorous standard. Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004). See generally Stockton, 76 Fed. Cl. at 499. "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell, 391 F.3d at 1235 (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir.)).

A movant's showing of extraordinary circumstances "'must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" Stockton, 76 Fed. Cl. at 499 (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)). The movant must show "(1) that an intervening change in the

controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Id. (citing Bishop, 26 Cl. Ct. at 286). "'[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal.'" Id. at 500 (quoting Bluebonnet Sav. Bank, F.S.B. v. United States, 466 F.3d 1349, 1361 (Fed. Cir. 2006)). Also, "[t]he movant 'should not . . . be permitted to attempt an extensive re-trial based on evidence which was manifestly available at the time of the hearing.'" Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996) (omission in original) (quoting Gelco Builders & Burjay Constr. Corp. v. United States, 369 F.2d 992, 1000 n.7 (Ct. Cl. 1966)).

    2. The court's June 15, 2009 decision

The court applied a two-step analysis to plaintiff's bid protest: "[F]irst, the court . . . determine[d] whether the Government acted without a rational basis . . . or whether the Government acted contrary to law . . . . Second, [had] the government action lack[ed] a rational basis, [the court would have] determine[d] whether the protestor was prejudiced by the conduct." Totolo/King v. United States, 87 Fed. Cl. 680, 689 (2009) (citing Bannum, Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005); Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332-33 (Fed. Cir. 2001)). Plaintiff "had the burden of proving either that the DVA acted without a rational basis when it decided not to solicit a SDVOSB or small business set-aside[] or . . . 'a clear and prejudicial violation of applicable statutes or regulations.'" Id. (quoting Domenico Garufi, 238 F.3d at 1333 (internal quotations and citation omitted)). Plaintiff also was required to establish that it was prejudiced by the DVA's actions. Id. Understanding its role in adjudicating a bid protest, the court ascertained if the administrative record included "'a coherent and reasonable explanation of [the DVA's] exercise of discretion,'" id. (quoting Domenico Garufi, 238 F.3d at 1333), and accorded the DVA wide discretion, refusing to substitute the court's judgment for that of the DVA, id. (citing Grumman Data Sys. Corp. v. Widnall, 15 F.3d 1044, 1046 (Fed. Cir. 1994)).

The court considered the applicable regulations and their requirements. Defendant's post-argument brief conceded the authority of 38 U.S.C. § 8127, but insisted that FAR 19.1001-19.1009 (the "Demonstration Program") justified an open and unrestricted competition, free from the small-business set-aside strictures of FAR 19.502-2(b). Id. Plaintiff urged "that the Demonstration Program [was] not applicable . . . ; rather, this acquisition should be evaluated under 38 U.S.C. § 8127, FAR 19.14 and FAR 19.10." Id. at 690. The court detailed the relevant purpose and requirements of the Demonstration Program, noting that this subpart requires that acquisitions "'must continue to be considered for placement under . . . the [SDVOSB] Procurement Program (see Subpart 19.14).'" Id. (quoting FAR 19.1007). Accordingly, the court juxtaposed 38 U.S.C. § 8127 and FAR

3

19.14, recognizing that § 8127 imposes a mandatory obligation to restrict competition, as it provides:

> [A] contracting officer of the [DVA] shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

38 U.S.C. § 8127(d). In contrast, the set-aside prescriptions of FAR 19.14 are permissive. See FAR 19.1405(a) ("The contracting officer may set-aside acquisitions . . . ."). As agreed upon by the parties and as supported by statutory interpretation, the court declared that "38 U.S.C. § 8127 is more on point in this procurement." Id. at 691.

Plaintiff failed to carry its burden of proving that the DVA's contracting officer acted without a rational basis or in violation of applicable statutes or regulations. 1/ Insofar as plaintiff criticized the contracting officer's search for SDVOSBs before opening the Solicitation to unrestricted competition, plaintiff evaluated the contracting officer's actions against the standards set forth in the search requirements of FAR 19.202-2. Plaintiff argued that the contracting officer's admittedly "brief search of the VetBiz[.gov] web site," 2/ id. at 694 (citing Def.'s Br. filed Apr. 24, 2009, at 12), did not satisfy the prescription of FAR 19.202-2 to "'make every reasonable effort' to locate small business sources," id. at 695 (quoting FAR 19.202-2(a)). The court reiterated that, despite defendant's application of FAR subpart 19.10, 38 U.S.C. § 8127 "remain[ed] applicable; therefore, plaintiff's primary argument that the DVA did not perform proper due diligence in alerting and searching for SDVOSBs is not rendered moot." Id. Still, neither FAR 19.202-2 "nor any other [regulation] cited by plaintiff impose[d] the burden that plaintiff would place on the DVA to document and search for SDVOSBs." Id. The court further found "that [the contracting officer's] *ad hoc* superficial search [was] insufficient to render the contracting officer's other actions to identify suitable businesses unreasonable," id. at 694, and that "[p]laintiff's

---

1/ Plaintiff challenged the contracting officer's failure to disclose a bond estimate with the Solicitation. Nevertheless, the disclosure of bond estimates is not a prescribed practice, and the court noted that, although "defendant concedes that [the contracting officer's] actions were inconsistent with the actions of other contracting officers, an inconsistency alone does not establish lack of a rational basis." Id. at 694.

2/ VetBiz.gov is a federally controlled database that houses information about service-disabled or veteran small businesses. Totolo/King, 87 Fed. Cl. at 685.

assertions that the contracting officer could have better performed his duties under FAR 19.202-2 still [did] not rise to the level of a prejudicial violation of an applicable procurement regulation," id. at 695.

Additionally, notwithstanding the application of 38 U.S.C. § 8127, plaintiff "failed to prove that the DVA made an unreasonable decision in issuing the Solicitation as an unrestricted competition." Id. Having reviewed the three responses to the DVA's Sources Sought Notice ("SSN") that preceded the Solicitation—and researching the qualifications of one—and having conducted two searches of VetBiz.gov according to a North American Industry Classification System ("NAICS") code, the contracting officer "'did not expect [that] two or more responsible SDVOSB firms would submit offers.'" Id. at 686 (quoting Administrative Record at 6). The contracting officer's expectation that two or more SDVOSBs would not submit offers preempted the mandatory set-aside restrictions prescribed by 38 U.S.C. § 8127(d); accordingly, "[d]efendant's latest submission revising the Solicitation to reflect the authority for the procurement under FAR subpart 19.10 wrest[ed] this procurement out of the ambit of restricted competition." Id. at 695.

The court had described how the contracting officer's compliance with FAR subpart 19.10 could concurrently satisfy the permissive prioritization of FAR subpart 19.14. Id. at 691. In that regard, plaintiff failed to explain "why the DVA 'has not . . . met the requirements of the program . . . , and has not properly noticed and solicited this procurement . . . .'" Id. at 691 (quoting Pl.'s Br. filed May 14, 2009, at 4). The court concluded that "[t]he manner in which the DVA assesses its needs is a business judgment and lies within [the DVA's] discretionary domain." Id. at 695 (citations omitted).

### 3. Plaintiff's argument for reconsideration

Plaintiff propounds two grounds for reconsidering the June 15, 2009 decision: 1) recently discovered evidence discrediting the sufficiency of the DVA's market research and 2) the court's alleged failure to consider the explicit prioritization of SDVOSBs prescribed by 38 U.S.C. § 8127(i).

Plaintiff's recently discovered evidence—the DVA Office of Acquisition and Material Management Information Letter 049-06-1 (Dec. 26, 2005), titled "Increasing Opportunities for Awards to Veteran-Owned and Service-Disabled Veteran-Owned Small Businesses" ("IL 049-06-1")—was manifestly available prior to the June 15, 2009 decision. 3/ Although

---

3/ Plaintiff states that "[i]n truth, the search for this document came about from the Judge's decision in this matter, which identified the reference to this document in a

plaintiff admits that IL 049-06-1 was available on the DVA website, it suggests that "finding a needle in a haystack can be considered unavailable [to justify a motion for reconsideration]." Pl.'s Br. filed July 21, 2009, at 1. Plaintiff contends that "it should come as no surprise that a private small business owner looking for documents might have difficulty finding a Federal document on a website . . . for which the small business private owner has received no training or mandate in searching, and no knowledge that the document even exists." Id. Notwithstanding the purported complexity of the DVA website, plaintiff's counsel—not plaintiff—was responsible for searching the DVA website, identifying IL 049-06-1, and bringing IL-049-06-1 to the court's attention prior to the June 15, 2009 decision. Plaintiff's counsel did not do so, and plaintiff's "needle-in-the-haystack" excuse is not an extraordinary circumstance justifying reconsideration. Plaintiff "should not . . . be permitted to attempt an extensive re-trial based on evidence which was manifestly available at the time of the hearing." Gelco Builders, 369 F.2d at 1000 n.7. 4/

---

3/   (Cont'd from page 5.)

heretofore unconsidered section of the 2007 IL [see infra note 4]." Pl.'s Br. filed July 21, 2009, at 5. Plaintiff has not supplied the court with evidence of any reference to either the 2007 IL, see infra note 4, or IL 049-06-1 within the July 15, 2009 decision. The court made no reference in its decision to either information letter.

4/   Were the court to consider IL 049-06-1 on its merits, IL 049-06-1 would fail to justify plaintiff's motion for reconsideration. IL 049-06-1 "provides guidance to contracting officers on awarding contracts to small business concerns owned and controlled by veterans and by service-disabled veterans." Pl.'s Br. filed June 29, 2009, Ex. A at 1. Further, "[i]n order to place greater emphasis on the award of contracts to [Veteran Owned Small Business general contractors ("VOSBs")] and SDVOSBs," id., Ex. A at 2, IL 049-06-1 provides "[n]ew and [e]xpanded [r]equirements . . . for use by heads of contracting activities (HCAs), contracting officers, purchase cardholders, and other VA staff to seek out, assist, and contract with VOSBs and SDVOSBs," id. (prescribing additional search and documentation requirements, see id., Ex. A at 9-11).

Defendant rejoins—and the court concurs—that "[t]he Veterans Administration promulgated IL 049-06-1 as a guideline and not as a mandatory regulation." Def.'s Br. filed July 13, 2009, at 5 (citing OAL Resource Library - Logistics Management Service, http://www1.va.gov/oamm/rlib/logistics.cfm (last visited July 10, 2009) ("Information Letters (IL) are used to release non-directive information. Mandatory policies and procedures are published in the form of Directives, Handbooks, and Regulations.")). Moreover, defendant complied with a subsequent DVA information letter—the DVA Office of Acquisition and Material Management Information Letter 049-07-1 (June 19, 2007), titled

6

Plaintiff also requests reconsideration because 38 U.S.C. § 8127(i) prioritizes set-asides for SDVOSBs, Pl.'s Br. filed June 29, 2009, at 2, and "trumps" defendant's cited authority, FAR subpart 19.10, Pl.'s Br. filed July 21, 2009, at 2. Plaintiff insists that it raised 38 U.S.C. § 8127 "throughout the case," id., and that it "last raised 38 U.S.C. § 8127(i) in their [sic] Response to Defendant's Post Argument Brief and Addendum ["plaintiff's post-argument brief"]," id. (emphasis added). 5/ According to § 8127(i):

> **Priority for contracting preferences.**—Preferences for awarding contracts to small business concerns shall be applied in the following order of priority:
> (1) Contracts awarded pursuant to [§ 8127(b), (c), or (d)] to small business concerns owned and controlled by veterans with service-connected disabilities.
> (2) Contracts awarded pursuant to [§ 8127(b), (c), or (d)] to small business concerns owned and controlled by veterans that are not covered by paragraph (1).
> (3) Contracts awarded pursuant to—
>     (A) section 8(a) of the Small Business Act (15 U.S.C. 637(a)); or
>     (B) section 31 of such Act (15 U.S.C. 657(a)).
> (4) Contracts awarded pursuant to any other small business contracting preference.

31 U.S.C. § 8127(i). Plaintiff states that "SDVOSB's [sic] are required to be the first priority for set-asides (38 U.S.C. § 8127(i)(1))[,] . . . [and] FAR. 19.10 falls under the last priority category as 'any other small business contracting preference.' (38 U.S.C. § 8127(i)(4))." Pl.'s Br. filed June 29, 2009, at 2.

Plaintiff's transformation of a minor reference in the briefing before decision to a revamped major emphasis on § 8127(i) does not call for reconsideration of the June 15, 2009

---

4/ (Cont'd from page 6.)

"Veterans First Contract Program" (the "2007 IL," see supra note 3)—which prescribes less intensive search and documentation requirements for contracting officers than does IL 049-06-1. See Def.'s Br. filed July 13, 2009, at 6.

5/ The record undercuts plaintiff's representation that it more than once raised § 8127(i). Plaintiff's sole explicit reference to § 8127(i) appears in plaintiff's post-argument brief, which states in passing and in full: "38 U.S.C. § 8127(i) establishes priorities for contracting preferences to veterans with service connected disabilities." Plaintiff's post-argument brief filed May 14, 2009, at 3.

decision. The decision's analysis of § 8127(d) preceded—and conclusively precluded—any discussion or application of § 8127(i). Section 8127(i) expressly predicates the prioritization of SDVOSBs and VOSBs on the satisfaction of § 8127(b), (c), or (d). 31 U.S.C. §§ 8127(i)(1), (2) (prioritizing "[c]ontracts awarded pursuant to [§ 8127(b), (c), or (d)]" to SDVOSBs or VOSBs). Plaintiff had raised § 8127(d). Pl.'s Br. filed March 10, 2009, at 3; see Pl.'s Br. filed June 29, 2009, at 6 ("Plaintiff has previously argued . . . 38 U.S.C. § 8127(d) . . . ."). The section was deemed inapplicable because the contracting officer did not have "a reasonable expectation that two or more small business concerns owned and controlled by veterans [would] submit offers." 31 U.S.C. § 8127(d); see also Totolo/King, 87 Fed. Cl. at 694-95. Thus, although plaintiff contends that the court "stopped short its analysis with 38 U.S.C. § 8127 Subpart (d). . . . [and] missed the required prioritization section at Subpart (i)," Pl.'s Br. filed June 29, 2009, at 6, the court appropriately concluded its analysis of § 8127 with its resolution of § 8127(d). 6/

## CONCLUSION

Plaintiff's motion for reconsideration must be denied. Were the court to find that any of plaintiff's contentions had merit, the public interest would militate against enjoining the DVA's award of a contract because plaintiff could have made the arguments asserted in the motion for reconsideration before the decision issued. See, e.g., Centech Group, Inc. v. United States, 554 F.3d 1029, 1037 (Fed. Cir. 2009) (Movants seeking permanent injunctive relief must establish that "the balance of hardships to the respective parties favors the grant of injunctive relief, and [] the public interest is served by a grant of injunctive relief."). In the June 15, 2009 decision, the court found that the public interest "would not be served by

---

6/ Plaintiff contends that "[t]he Court, apparently confused by the DVA maelstrom of misinformation, erred in deciding that FAR 19.10 had priority over 38 U.S.C. § 8127 in DVA procurements." Pl.'s Br. filed July 21, 2009, at 2; see also id. at 3 ("The Court additionally decided that FAR 19.10 is superior to 38 U.S.C. § 8127 for DVA acquisitions."). The court did not prioritize FAR 19.10. Rather, the court acknowledged and analyzed the applicability of 38 U.S.C. § 8127. See Totolo/King, 87 Fed. Cl. at 695 ("[A]s the parties concur, 38 U.S.C. § 8127 remains applicable; therefore, plaintiff's primary argument that the DVA did not perform proper due diligence in alerting and searching for SDVOSBs is not rendered moot."); id. at 691 ("38 U.S.C. § 8127 is more on point in this procurement."). Nevertheless, the contracting officer's conduct, which did "not rise to the level of a prejudicial violation of an applicable procurement regulation," id. at 695, and his resulting opinion that two or more SDVOSBs would not submit offers, see id. at 686, satisfied 31 U.S.C. § 8127(d). Concomitantly, "[d]efendant's latest submission . . . under FAR subpart 19.10 wrest[ed] this procurement out of the ambit of restricted competition." Id. at 695.

8

enjoining the DVA's procurement process under the Solicitation, given that plaintiff has not established that the market research conducted by the DVA was unreasonable, or that the [SSN] was arbitrary, capricious, or otherwise unreasonable." Totolo/King, 87 Fed. Cl. at 696. Plaintiff's untimely and unavailing arguments in its motion for reconsideration do not tilt the balance of hardships in plaintiff's favor or establish an overriding public interest that would justify enjoining the construction of medical facilities for veterans.

Although the court declines to order plaintiff to justify its conduct pursuant to RCFC 11(c)(3), plaintiff's embellishments in its motion for reconsideration warrant admonishment under RCFC 11(c)(1). Plaintiff claims that a reference to the 2007 IL in the court's June 15, 2009 decision led plaintiff to discover IL 049-06-1, see supra note 3. In fact, the court made no reference to either the 2007 IL or IL 049-06-1 in its decision. Additionally, although plaintiff states that it "last raised 38 U.S.C. § 8127(i) in their [sic] [post-argument brief]," Pl.'s Br. filed July 21, 2009, at 2 (emphasis added), plaintiff's numerous submissions only once explicitly raised § 8127(i), see supra note 5. Plaintiff's counsel should consult the United States Court of Appeals for the Federal Circuit's discussion of court filings deemed sanctionable in Abbs v. Principi, 237 F.3d 1342, 1345-46 (Fed. Cir. 2001) (stating that "[a]n appeal is 'frivolous as argued' when an appellant has not dealt fairly with the court, has significantly misrepresented the law or facts, or has abused the judicial process by repeatedly litigating the same issue in the same court," id. at 1345 (citations omitted), and "[e]xamples of actions deemed sanctionable include . . . misrepresenting facts or law to the court," id. (citations omitted)). While the court charitably reads the motion for reconsideration, it advises plaintiff's counsel that unsupported and contradicted statements "walk[] on the razor's edge of frivolity." See Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., 895 F.2d 1403, 1406 (Fed. Cir. 1990) (Markey, C.J.).

Accordingly, based on the foregoing, plaintiff's motion for reconsideration is denied.

**IT IS SO ORDERED.**

s/ Christine O.C. Miller
_____
**Christine Odell Cook Miller**
Judge

9